**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:19-cv-22545-LFL

VMX-GLOBAL USA, LLC,

    Plaintiff,

v.

NOBLE ENVIRONMENTAL TECH,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Noble Environmental Technologies Corporation's ("Noble") Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial (ECF No. 134). Plaintiff responded in opposition (ECF No. 144), to which Defendant replied (ECF No. 148). The Motions are ripe for decision.

A motion for judgment as a matter of law made after a jury verdict is governed by Rule 50(b). *See* FED. R. CIV. P. 50(b). To succeed under Rule 50(b), the movant must show that no reasonable jury could find that the evidence was sufficient to support the verdict. *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007). In reviewing this motion, "the court must examine the whole record in a light most favorable to the party opposing the motion. A directed verdict is appropriate only when there can be but one reasonable conclusion as to the verdict." *Pelletier v. Stuart-James Co., Inc.*, 863 F.2d 1550 (11th Cir. 1989) (quoting *Dempsey v. Auto Owners Ins. Co.*, 717 F.2d 556, 559 (11th Cir. 1983)). The Court finds that Defendant failed to satisfy that high standard in this case.

This case was tried before the jury from November 1, 2021 to November 3, 2021, and the jury rendered its verdict on November 3, 2021.  At trial, Plaintiff alleged that Defendant had breached a contract when it failed to deliver a certain number of store displays to Plaintiff by a certain date.  Defendant alleged that half the contract price, or $189,370.50, was to be paid by Plaintiff in the form of a deposit by February 1, 2019, and that Plaintiff's failure to make the payment materially breached the contract.  Plaintiff disputes Defendant's claim and argues that Defendant waived its right to demand the fifty percent deposit by partially performing.

Defendant moved for a directed verdict on Plaintiff's waiver defense at the conclusion of Plaintiff's case-in-chief, arguing that no reasonable jury could conclude Defendant waived the deposit based on the evidence adduced.  I denied the motion, but later agreed to give a jury instruction on waiver, having determined that case law required the waiver issue to be determined by the jury.  On November 5, 2021, final judgment was entered in favor of Plaintiff in the amount of $575,000.00 against Defendant (ECF No. 120).

Defendant renews its Motion for Judgment as a Matter of Law and alternatively moves for a new trial on the basis that the jury was improperly instructed on Plaintiff's waiver defense notwithstanding the lack of evidence to support its defense.  Defendant argues that the Court must determine whether its jury instruction on waiver was proper by evaluating the evidence presented by Plaintiff and determining whether a reasonable jury could conclude that Defendant waived the deposit requirement.  Plaintiff's response in opposition contends that Defendant's challenge to the sufficiency of its evidence of waiver is misplaced, because the jury's general verdict could have been reached without deciding the waiver defense—other theories presented would support the verdict and there is no way of knowing which the jury credited.

Upon consideration of the Motion and viewing the evidence in the light most favorable

to non-movant, I find no merit to Defendant's challenge. At trial, Plaintiff provided evidence of Defendant's waiver, including Defendant's assurances of work being performed notwithstanding the fact that it had not received the deposit demanded and Defendant's communications and apology for failing to perform without invoking the deposit requirement. This evidence was presented at trial and sufficient so the jury could reasonably conclude that the deposit requirement was waived. Accordingly, Defendant's Renewed Motion for Judgment as a Matter of Law is **DENIED**.

Defendant further moves for a new trial alleging that the jury erroneously considered the instruction on waiver.[1] Though Defendant now complains that the waiver instruction was given in error, Defendant did not object to this instruction at trial. "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." FED. R. CIV. P. 51(c).

Defendant claims that it could not object because the Court would have overruled its objection based on the Court's prior denial of the original motion for judgment as a matter of law. Therefore, Defendant argues it was futile to object. This argument is unavailing. "[T]he Eleventh Circuit has held that an instruction given without objection becomes the law of the case, and cannot thereafter be attacked for legal sufficiency." *Alphamed Pharmaceuticals Corp. v Arriva Pharmaceuticals, Inc.*, 432 F. Supp. 2d 1319, 1354–55 (S.D. Fla. 2006). *See also Shelby Ins. Co. v. Stocks,* 82 F.3d 1030, 1032 (11th Cir.1996) (finding that the district court

---

[1] Defendant cites to *Chaney*, 483 F.3d at 1228–29, to support this proposition, but as further explained in Defendant's parenthetical on the case, *Chaney* merely stands for the proposition that a court must rule on both the renewed motion for judgment as a matter of law *and* the motion for new trial. The holding in *Chaney* does not find error warranting new trial based on a jury instruction given without sufficient evidentiary support.

instructed the jury "rightly or wrongly," without objection, and therefore litigant could not later complain about the instruction).

The instruction on waiver was not given in error and, as I previously concluded at trial, sufficient evidence was presented to warrant instructing the jury on waiver. Defendant's Motion does not contend that the instruction misstated the law, rather, only that it was error to give it without sufficient evidentiary support for the defense.

"The standard for permitting a new trial is higher than for awarding judgment as a matter of law." *Gonzalez v. Batmasian*, 9:16- CV-81696, 2017 WL 3055009, at *1 (S.D. Fla. July 19, 2017), *aff'd*, 734 Fed. Appx. 677 (11th Cir. 2018) (citing *Michigan Millers Mut. Ins. Co. v. Asoyia, Inc.,* 793 F.3d 872, 877 (10th Cir. 2015)). Defendant has not met either standard here. Accordingly, Defendant's Motion for a New Trial is also **DENIED**.

**DONE** and **ORDERED** in Chambers at Miami, Florida this 14th day of June, 2022.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record